UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Paul Leslie Cox, #75206, | ) C/A No. 3:12-163-TMC-JRM |
| Petitioner, | ) |
| vs. | ) |
| Warden Wayne McCabe, | ) Report and Recommendation |
| Respondent. | ) |

*Pro se* Petitioner, Paul Leslie Cox, incarcerated at Lieber Correctional Institution, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241."[1] Pursuant to the provisions of 28 U.S.C. §636(b) and Local Civil Rule 73.02(B)(2) DSC, the undersigned is authorized to review such petitions and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the petition in this case without prejudice and without issuance and service of process.

Under established local procedure in this judicial district, a careful review has been made of this *pro se* petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*,

---

[1] Although Petitioner submitted his claims on a form used to file cases pursuant to 28 U.S.C. § 2241, the instant action challenges a state conviction. Therefore, it is construed as an action filed pursuant to 28 U.S.C. § 2254. *See Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004)("A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition.").

490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97 (1976). Such *pro se* documents are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, this *pro se* petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

The petition indicates that Petitioner was convicted of possession of contraband and assault and battery with intent to kill ("ABWIK") in the Greenville County Court of General Sessions on August 4, 1987. ECF No. 1, pages 2-3. Petitioner states that, when the jury could not reach a verdict in his case, the judge allowed them to listen to taped recordings of the trial. *Id.* at 8. "It took the jury 10 minutes to reach a verdict of guilty" after hearing the tapes. *Id.* Thus, Petitioner alleges that he was subjected to "double jeopardy." *Id.* Petitioner seeks an evidentiary hearing so that he can be granted "unconditional release." *Id.* at 9.

The present petition is the sixth habeas action filed by Petitioner with respect to his 1987 Greenville County convictions.[2] Petitioner's first petition, *Cox v. Johnson, et al.*, Civil Action No. 3:98-0061-06BC (D.S.C. Sept. 23, 1998), resulted in summary judgment in favor of the Respondents as the case was not timely filed and Petitioner's grounds for relief were procedurally barred. Petitioner's second case regarding the Greenville County convictions, *Cox v. Ozmint, et al.*, Civil Action No. 3:04-23299-HFF-JRM (D.S.C.), was summarily dismissed without prejudice on November 21, 2005. Petitioner's third habeas petition challenging his convictions for possession of contraband and ABWIK, *Cox v. McCabe*, Civil Action No. 3:11-03113-TMC (D.S.C.), was dismissed with prejudice on January 10, 2012. The Order adopting the Report and Recommendation in that case held that the petition was filed beyond the one year statute of limitations imposed by the AEDPA. 28 U.S.C. § 2244(d).[3] Petitioner's fourth and fifth habeas petitions challenging these offenses remain pending. *See Cox v. McCabe*, Civil Action No. 3:12-00048-TMC (D.S.C.)(recommended for summary dismissal); *Cox v. The United States*, Civil Action No. 3:12-00047-TMC (D.S.C.)(recommended for summary dismissal).

As summary judgment was granted for the Respondents in Civil Action No. 3:98-0061-06BC, and Petitioner's recent § 2254 petition challenging the 1987 Greenville County convictions (Civil Action No. 3:11-03113-TMC (D.S.C.)) has been dismissed with prejudice, the instant case is subject to summary dismissal as a successive habeas petition. "Chapter 153 of Title 28 of the

---

[2] The Court may take judicial notice of proceedings had before it in a prior suit with the same parties. *Mann v. Peoples First Nat. Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989).

[3] Petitioner has appealed the Court's order dismissing his habeas petition in *Cox v. McCabe*, Civil Action No. 3:11-03113-TMC (D.S.C.).

United States Code provides a statutory framework for federal post conviction relief from judgments of conviction entered in federal and state courts. Under this framework, individuals convicted of crimes in state courts seek federal habeas corpus relief through 28 U.S.C. § 2254." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted). In 1996, the President of the United States signed into law AEDPA which, in part, amended Chapter 153.

> The AEDPA effected a number of substantial changes regarding the availability of federal post conviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. *See Felker v. Turpin*, 518 U.S. 651, [657] (1996). Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals.

*In re Vial*, 115 F.3d at 1194 (footnote omitted).

> The "gatekeeping" mechanism created by the AEDPA amended § 2244(b) to provide:
>
> The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A). A three-judge panel has 30 days to determine whether "the application makes a prima facie showing that the application satisfies the requirements of" § 2244(b). § 2244(b)(3)(C); *see* §§ 2244(b)(3)(B), (D).

*Felker v. Turpin*, 518 U.S. 651, 657 (1996).

In order for this Court to consider a second or successive § 2254 petition, Petitioner must obtain a Pre-Filing Authorization from the United States Court of Appeals for the Fourth Circuit under 28 U.S.C. § 2244(b)(3). *See Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005)("[B]efore the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-

4

innocence provisions."); *see also In re: Williams*, 330 F. 3d 277 (4th Cir. 2003); *In re: Fowlkes*, 326 F. 3d 542 (4th Cir. 2003). Petitioner can obtain the necessary forms from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit. Because Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file the within petition in the district court, this Court does not have jurisdiction to consider it.

However, the instant case would be recommended for summary dismissal even if the petition was not deemed successive. At the time the instant petition was filed, the convictions challenged therein were being addressed in Petitioner's pending habeas petitions: *Cox v. McCabe*, Civil Action No. 3:12-00048-TMC (D.S.C.); *Cox v. The United States*, Civil Action No. 3:12-00047-TMC (D.S.C.). Therefore, in the interests of judicial economy and efficiency, the case should be summarily dismissed. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient."); *see also Cottle v. Bell*, No. 00-6367, 2000 WL 1144623 at *1 (4th Cir. Aug. 14, 2000)("Because district courts are not required to entertain duplicative lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e)"); *Aziz v. Burrows*, 976 F.2d 1158 (8th Cir. 1998)("[D]istrict courts may dismiss a duplicative [case] raising issues directly related to issues in another pending action brought by the same party").

<u>Recommendation</u>

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-

captioned case be dismissed *without prejudice* and without issuance and service of process upon the

Respondent. Petitioner's attention is directed to the important notice on the next page.

      IT IS SO RECOMMENDED.

March 13, 2012                                                                       Joseph R. McCrorey
Columbia, South Carolina                                    United States Magistrate Judge

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).